UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEAH ZAPATA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Case No.: C08-0654 CRD <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

On December 31, 2008, Plaintiff filed a motion for reconsideration pursuant to Local Civil Rule 7(h), requesting the Court reconsider its Order Re: Social Security Disability Appeal entered December 16, 2008. Dkt. 16; Dkt. 18. Plaintiff asserts the Court "misapprehended the opinion of Plaintiff's primary care physician to mean Plaintiff could work, or engage in substantial gainful activity on a sustained basis under the rules and regulations of the Social Security Administration." Dkt. 18 at 1. Plaintiff argues the Court mistakenly believed the doctor's opinion refers to full time work. However, this Court's order, even as correctly quoted by Plaintiff, states: "The Court finds ALJ's statement that there were no physicians that found Plaintiff unable to work as a result of the impairments, correct. More than one year after her surgery, Dr. Diller opined Plaintiff was able to return to *part-time work*. No other physician noted work limitation." Dkt. 16 at 5 (emphasis added). Based on the Court's clear reference to "part-time work" the Court does not agree with Plaintiff that any misapprehension occurred. The Court found no error in the ALJ's conclusion that no doctor found Plaintiff unable to work, even

ORDER - 1

considering Dr. Diller's opinion that she could only perform part-time work. Plaintiff argues the relevance of the SSA's definition of "work" which implies full time work. However, this Court did not uphold the ALJ's rationale based on the SSA's particular definition of work, but the fact that no physician opined Plaintiff could not work in the literal sense. As explained in the Order, this is true because even Dr. Diller found Plaintiff capable of part-time work. The Court did not find, nor did the ALJ, that part-time work is conclusive evidence that Plaintiff has the ability to work full time; Dr. Diller's opinion that Plaintiff is still capable of part-time work is simply a factor that may be considered in the ultimate determination of her ability to work as defined by the SSA.

Plaintiff also argues the Court should reconsider its determination that the ALJ did not err by not having a physician submit an additional residual functional capacity report. Dkt. 18 at 2. Plaintiff restates her original argument and does not present any showing of new facts or legal authority or allege any misapprehension as required under a motion for reconsideration. Local Civil rule 7(h). The Court's original order responds to Plaintiff's argument in this regard. Dkt. 16 at 8-9.

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

DATED this 20th day of January, 2009

Carolyn R. Dimmick
United States District Judge

ORDER - 2